JB/2025R00224

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 25-732 (ESK) |
| v. | 18 U.S.C. § 1349 |
| YASMENE JOHNSON | 18 U.S.C. § 1028A |

INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States charges:

COUNT ONE
(Conspiracy to Commit Bank Fraud)

People and Entities

1. At all times relevant to this Information:

   a. Defendant YASMENE JOHNSON ("JOHNSON") was a resident of Mount Laurel, New Jersey, and Philadelphia, Pennsylvania.

   b. Kharon Parson-Wright ("Parson-Wright"), who was a co-conspirator but not named as a defendant herein and charged elsewhere, was a resident of Mount Laurel, New Jersey, and Philadelphia, Pennsylvania.

   c. Dante Ford ("Ford"), who was a co-conspirator but not named as a defendant herein and charged elsewhere, was a resident of Pennsauken, New Jersey, and Sewell, New Jersey.

   d. Bank 1 and the other financial institutions described herein held accounts that were insured by either the Federal Deposit Insurance Act or

1

National Credit Union Share Insurance Fund and therefore were "financial institutions" as defined in Title 18, United States Code, Section 20.

2.     From in or around January 2021 through on or about February 26, 2025, in Camden and Burlington Counties, in the District of New Jersey and elsewhere, defendant

YASMENE JOHNSON

did knowingly and intentionally conspire and agree with Kharon Parson-Wright, Dante Ford, and others, known and unknown, to execute and attempt to execute a scheme and artifice to defraud financial institutions and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

<u>The Object of the Conspiracy</u>

3.     It was the object of the conspiracy to obtain money from financial institutions by (a) negotiating and causing to be negotiated altered and counterfeit versions of checks that had been stolen from the U.S. mail; and (b) using debit cards that had been obtained fraudulently using stolen means of identifications.

<u>Manner and Means of the Conspiracy</u>

4.     It was part of the conspiracy that Parson-Wright, Ford, and other members of the conspiracy stole checks from the U.S. mail by unlawfully obtaining and using "arrow keys" to access blue U.S. mail collection boxes.

5. It was further part of the conspiracy that Ford and other members of the conspiracy created counterfeit and altered versions of the stolen checks that increased the face value of the checks and changed the names of the payees of the checks to members of the conspiracy and other individuals who had been recruited by members of the conspiracy to provide their bank accounts to be used to negotiate checks for the conspiracy.

6. It was further part of the conspiracy that defendant JOHNSON and Parson-Wright recruited and compensated individuals to provide their bank accounts to use for the deposit of altered and counterfeit checks.

7. It was further part of the conspiracy that defendant JOHNSON, Parson-Wright, Ford, and other members of the conspiracy deposited and caused to be deposited hundreds of the altered and counterfeit checks and attempted to withdraw the funds before the financial institutions learned that the checks were illegitimate. Defendant JOHNSON's conduct and that of Parson-Wright, Ford, and others, known and unknown, caused actual financial losses to the financial institutions.

8. It was further part of the conspiracy that defendant JOHNSON and Parson-Wright caused employees at Bank 1 to create fraudulent debit cards using the means of identification of victims who held accounts at Bank 1.

9. It was further part of the conspiracy that defendant JOHNSON and Parson-Wright used and caused to be used fraudulent debit cards issued by Bank 1 to make purchases and withdraw cash from the victims' bank accounts at Bank 1,

which caused actual losses to Bank 1.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (Aggravated Identity Theft)

1. The allegations contained in paragraphs 1 and 3 through 9 of Count One of this Information are hereby incorporated and realleged as if set forth fully herein.

2. From in or around June 2023 through on or about September 17, 2024, in Camden and Burlington Counties, in the District of New Jersey and elsewhere, defendant

## YASMENE JOHNSON

did knowingly transfer, possess and use, without lawful authority, means of identification of another person, namely, an access device (debit card) and counterfeit driver's license in the name of Victim 1, during and in relation to a felony violation of a provision enumerated in Title 18, United States Code, Section 1028A(c), that is, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, as set forth in Count One, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2.

## FORFEITURE ALLEGATION

As a result of committing the bank fraud conspiracy offense, in violation of 18 U.S.C. § 1349, the defendant, YASMENE JOHNSON, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in Count One of this Information.

### Substitute Assets Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

                TODD BLANCHE
                United States Deputy Attorney General

                */s/ Alina Habba*
                ALINA HABBA
                Acting United States Attorney
                Special Attorney

                */s/ Jeffrey Bender*
                JEFFREY BENDER
                Assistant United States Attorney

Case Number: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

YASMENE JOHNSON

# INFORMATION FOR

18 U.S.C. § 1349
18 U.S.C. § 1028A

TODD BLANCHE
UNITED STATES DEPUTY ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY FOR THE
DISTRICT OF NEW JERSEY AND
SPECIAL ATTORNEY

JEFFREY BENDER
ASSISTANT U.S. ATTORNEY
CAMDEN, NEW JERSEY
856-757-5026